UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK
------------------------------------------x
LAWRENCE MATIN,

                Plaintiff,

     -against-

VERIZON REPAIRS, VERIZON BOARD OF DIRECTORS, and VANDANA VENKATESH,

                Defendants.
------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-45856(OEM) (LKE)

ORELIA E. MERCHANT, United States District Judge:

      Plaintiff Lawrence Matin ("Plaintiff") commenced this *pro se* action on August 15, 2025, ECF 1, along with a request for a temporary restraining order, ECF 2, and an application to proceed *in forma pauperis* ("IFP motion"), ECF 3. For the following reasons, the Court grants Plaintiff's IFP application pursuant to 28 U.S.C. § 1915(a), and this action is hereby dismissed.

## BACKGROUND

      It is difficult to discern the nature of Plaintiff's concerns. He names Verizon, one of its divisions, its Board of Directors, and its General Counsel as Defendants. Complaint ("Compl."), ECF 1 at 1. Plaintiff asserts federal question jurisdiction, and where the form complaint asks for the basis for federal question jurisdiction, Plaintiff claims the right to privacy. *Id.* at 4. His statement of claim alleges "[i]nterference over phone line, interactive noises and disconnects." *Id.* at 5. In his request for relief, he seeks unspecified monetary damages and "investigations of them." *Id.* at 6.

      In a separate request for an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, Plaintiff asks the Court to enjoin Defendants "to remove the noise and provide a quiet connection." ECF 3 at 1.

## LEGAL STANDARDS

      It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted

by attorneys, and the Court is required to read the Plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In addition to requiring sufficient factual matter to state a plausible claim for relief, a plaintiff must provide a short, plain statement of claim against each defendant named so that the defendant has adequate notice of the claims against them. *Iqbal*, 556 U.S. 678 (explaining that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). However, if the Court finds any possibility that "a valid claim might be stated," the Court must give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

Moreover, the party bringing the action must demonstrate that the Court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). *See* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

## DISCUSSION

Plaintiff complains about telephone service provided by Verizon. However, the complaint does not assert any valid basis for this Court's jurisdiction over this claim, as Plaintiff has neither presented a federal question nor asserted diversity jurisdiction. Plaintiff does not cite any federal law requiring a private company to provide him with interference-free telephone service or to protect his alleged "right to privacy." Even if he had alleged that Verizon violated his constitutional rights, which he has not, he has not alleged that Verizon was acting under color of state law and could be held liable for civil rights violations pursuant to 42 U.S.C. § 1983. Section 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). He has not alleged diversity of citizenship or claimed damages in excess of $75,000. Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

In light of Plaintiff's pro se status, the Court has considered giving him an opportunity to amend the complaint. However, because the deficiencies in the complaint are not such that could be cured by amendment, the Court concludes that it would be futile to grant leave to amend. *See O'Hara*

*v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("a district court may deny leave to amend the complaint if the amendment would be futile").

"Because the Court dismisses the complaint in its entirety, [Plaintiff's] requests for a temporary restraining order and preliminary injunction are denied." *Campos v. Zuntag*, 15-CV-2862 (CBA) (JO), 2015 WL 6972062, at *1 (E.D.N.Y. Nov. 9, 2015).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed without prejudice for lack of subject matter jurisdiction, and Plaintiff's request for emergency injunctive relief is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment and mail a copy of this Order and the Judgment to Plaintiff and to note the mailing on the docket.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/*　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　ORELIA E. MERCHANT
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

September 22, 2025
Brooklyn, New York

4